UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                            Plaintiff,

                                                                             <u>DECISION AND ORDER</u>

                                                                             02-CR-6126L

                        v.

ALBERT RANIERI,

                            Defendant.
_____

       Defendant, Albert Ranieri, who was convicted in 2003 on a guilty plea of a violation of 18 U.S.C. § 1962(d) and sentenced to a thirty-year term of imprisonment (Dkt. #11), has filed a motion to reduce his sentence (Dkt. #14). The Government has filed a motion (Dkt. #16) to dismiss Ranieri's motion.

       Defendant's motion is denied. This Court has no ability or jurisdiction to reduce a previously-imposed sentence unless the Director of the Bureau of Prisons ("Director") makes a motion for reduction, and the Court finds extraordinary and compelling reasons to do so. *See* 18 U.S.C. § 3582 (providing that "[t]he court may not modify a term of imprisonment once it has been imposed" unless, "upon motion of the Director of the Bureau of Prisons," the court finds that "extraordinary and compelling reasons warrant ... a reduction"). *See*, *e.g., Stewart v. United States*, No. 02 Cr. 0395, 2013 WL 4044756, at *3-*4 (S.D.N.Y. Aug. 9, 2013); *United States v. Traynor,* No. 04 Cr. 0582, 2009 WL 368927, at *2 (E.D.N.Y., Feb. 13, 2009).

       Defendant has not shown that any of those conditions have been met. He alleges that the Director has never acted on his request, but the fact remains that "it is within the sole discretion of the BOP to decide whether or not to file" a motion under § 3582. *Stewart v. United States*, No. 02 Cr. 0395, 2013 WL 4044756, at *5 (S.D.N.Y. Aug. 9, 2013). *See also United States v. Tubby*, ___

Fed.Appx. ___, 2013 WL 6084270, at *3 (11th Cir. 2013) (affirming denial of *pro se* motion for reduction of sentence under § 3582); *Crowe v. United States*, 430 Fed.Appx. 484, 485 (6th Cir. 2011) ("we hold that a federal court lacks authority to review a decision by the BOP to not seek a compassionate release for an inmate under § 3582(c)(1)(A)(i)").

To the extent that defendant's motion can be construed as a motion under Fed. R. Cr. P. 35, it must be denied. Motions under Rule 35 must be made by the defendant within fourteen days after sentencing, or by the Government within one year after sentencing. "[T]he time for filing a Rule 35 motion is jurisdictional and 'outside of Rule 35(c) there exists no "inherent authority" for a district court to modify a sentence.'" *Tubby*, 2013 WL 6084270, at *3 (quoting *United States v. Phillips*, 597 F.3d 1190, 1196-97 (11th Cir. 2010)). At any rate, no grounds for reduction of sentence have been presented here.

## CONCLUSION

Defendant's motion for reduction of sentence (Dkt. #14) is denied. The Government's motion for denial of defendant's motion (Dkt. #16) is granted.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      March 18, 2014.