UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                    Plaintiff,

                            DECISION AND ORDER

                            02-CR-6126L

                v.

ALBERT M. RANIERI,

                                    Defendant.
_____

Defendant Albert M. Ranieri ("Ranieri") filed a motion (Dkt. #24), *pro se*, seeking compassionate release from custody pursuant to 18 U.S.C. § 3582(c)(1)(A) because of concerns that he might contract the COVID-19 virus and because he wishes to help in the care of his elderly mother.

The Government responded to the motion (Dkt. #26) opposing it in all respects. The Federal Public Defender appeared on Ranieri's behalf and filed a supplemental Memorandum (Dkt. #31) supporting Ranieri's motion for compassionate release.

After review of the motion for release, the Government's opposition, the facts in this case, including the original Plea Agreement and all the factors set forth at 18 U.S.C. § 3553(a), I deny the defendant's motion for compassionate release.

The statute provides that a prisoner may not petition a court for compassionate release unless he has exhausted his administrative remedies by making the request, in the first instance, to the Warden or the Bureau of Prisons ("BOP"). Ranieri bases his request on two grounds: the COVID-19

pandemic and how it might affect him, and the original and primary basis for the requested relief which was to care for his 74-year-old mother who has health issues (Dkt. #24 at p.9, p.18).

The Government in is Response concedes that Ranieri has exhausted this aspect of his motion, relating to assisting his aged mother, but denies that Ranieri has properly sought relief from the BOP based on his own concern as to how the COVID-19 virus might affect him. Counsel for Ranieri suggests that Ranieri has in fact met the exhaustion requirements or, if not, the Court can waive that requirement under the circumstances presented here.

Defendant making a motion under Section 3582(c) must meet the heavy burden of showing extraordinary and compelling reasons to modify the sentence originally imposed. Ranieri's application suggests that his own medical condition warrants release and that, in addition, release is appropriate so that he may assist his aged mother. After considering all the factors, I do not believe the defendant Albert Ranieri has met the required burden of establishing extraordinary and compelling reasons for release from his 30-year sentence.

In December 2002, Ranieri waived indictment and pleaded guilty to a one-count Information charging a RICO conspiracy, 18 U.S.C. § 1962(d). The plea was entered pursuant to a written Plea Agreement in which the defendant admitted very serious criminal conduct. "Very serious" is an understatement. Ranieri admitted participating in the AMSA truck robbery involving 1.8 million dollars; various money laundering transactions; the purchase of kilograms of cocaine; and his murdering Anthony Vaccaro on May 5, 2000. In its Response on this motion (Dkt. #26), the Government set forth in some detail (*id.* at pp.2-6), the detailed and violent criminal acts committed by Ranieri himself and with others. Part of that recitation includes Ranieri's statement and admission that he fired 17 rounds at Anthony Vaccaro, hitting him eight times causing his death. One of the factors the Court must consider in determining motions made by a defendant for release

are the factors listed at 18 U.S.C. § 3553(a) which includes, of course, the need to protect the public from those who pose a significant danger and risk of harm.

The Plea Agreement in this case provided for an agreed-upon sentence of 360 months to be followed by five years of supervised release. The Court accepted that Plea Agreement and, on April 17, 2003, imposed that sentence. Ranieri is currently serving his sentence at FCI Loretto and has a projected release date of July 2026.

The Plea Agreement recited significant and often violent criminal conduct including: murder, robbery, money laundering and drug distribution. It also reflected Ranieri's agreement to accept a 360-month sentence. In light of that background, the Court must determine if Ranieri has established extraordinary and compelling reasons to modify or reduce that 360-month sentence. I believe Ranieri has failed to carry his burden and that the motion must be denied.

I agree with the Government that defendant has failed to established that he should be released to care for his aging mother. It does appear that Ranieri's mother did suffer a heart attack and apparently has a pacemaker. It does not appear that Ranieri's mother is in extremely poor health. The Government also points out in it's Response that there appear to be several family members, including Ranieri's two adult children who would seem capable of assisting their grandmother. Defendant's request for compassionate release to assist his mother is not warranted and is denied.

I am not convinced that Ranieri has exhausted his administrative remedies relating to the COVID-19 pandemic, but, in any event, on the merits, I do not believe Ranieri has established that his own medical circumstances are such that release from prison is warranted. Relief is not warranted simply because an inmate alleges that he fears the possibility of contracting the COVID-19 virus. Ranieri is confined to FCI Loretto which has a comprehensive plan in place to

combat COVID-19.  The Government represents (Dkt. #26 at p.15) that at the present time (May 20, 2020), there are not cases of COVID-19 at FCI Loretto involving either inmates or staff.

Furthermore, defendant's treatment for basal cell carcinoma is not life threatening and does not fit within any one of the categories mentioned by the Center for Disease Control ("CDC") that makes one more vulnerable to contracting the COVID-19 virus.

The original Presentence Report did not note any significant preexisting health issues involving Ranieri.  Admittedly that was prepared years ago, but the medical issues raised by Ranieri now do not appear to be of the type that make him vulnerable to contracting the virus.  Ranieri's medical condition and needs appear to have been adequately attended to while he has been in custody with the BOP.  There is no indication that any health issue has caused the BOP to categorize him as an "at-risk" prisoner.

In sum, it does not appear that Ranieri has any preexisting health issue or current condition that makes him more susceptible than any other individual to contract the virus.  It also appears that FCI Loretto has taken significant steps to deal with the potential spread of the virus and that there are adequate medical staff and procedures in place there to deal with any issue involving the pandemic and its potential spread.

CONCLUSION

Defendant Albert M. Ranieri's motion (Dkt. #24) for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) is in all respects DENIED.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
June 24, 2020.